## TOY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term.   February 24, 1899.)

**1. CARRIERS—LIMITING LIABILITY.**

A shipper, by accepting a receipt for goods limiting the carrier's liability to a certain sum, and reciting that it is the contract of shipment, and that the value of the goods has been asked, and not given, thereby, in effect, indicates the value at which the goods are to be taken, and the degree of care required.

**2. SAME—FREIGHT TAKEN AT SHIPPER'S RISK.**

Where a contract of shipment provides that articles of glass, or contained in glass, are taken by the carrier at the shipper's risk, the latter cannot recover for injury thereto.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Laura A. Toy against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William J. Kelly, for appellant.
John P. East, for respondent.

McLEAN, J.   In her complaint, the plaintiff alleged that defendant, through its duly-authorized agent, in consideration of $2, entered into an agreement safely to carry certain articles from Lawrence, L. I., to this city, and that the defendant, ignoring her instructions as to care, so negligently performed its undertaking that the articles were injured, to her damage $150.   According to her testimony, also, the articles were tagged, "Glass, handle with care, perishable goods," and the driver was cautioned "not to drop that barrel; that it contained perishable goods"; to which he replied, "All right; we have often moved you before, and we will take the best of care of it."   Upon cross-examination the plaintiff produced the paper referred to in her complaint as the "agreement," and variously called upon the trial "receipt" and "contract."   At its very top appeared, in capitals, "Read This Receipt," followed, in smaller but plain type, by, "which is the contract of shipment."   On the very next line was, in conspicuous type, "Shippers must have the value of their packages inserted in this receipt, otherwise this company will not be responsible for an amount over $50."   There was also stamped on the line preceding the plaintiff's address, in red ink, "Value asked, and not given."   One paragraph in the receipt or contract ran:

"It is further agreed that this company is not to be held liable or responsible for any loss of, or damage to, said property, or any part thereof, from any cause whatever, unless in every case the said loss or damage be proved to have occurred from the fraud or gross negligence of said company or their servants; nor in any event shall this company be held liable or responsible, nor shall any demand be made upon them, beyond the sum of fifty dollars, at which sum said property is hereby valued, unless the just and true value thereof is stated herein; * * * nor upon any fabrics consisting of, or contained in, glass.   Articles of glass, or contained in glass, or any of fragile nature, will be taken at the shipper's risk only" (which latter limitations were printed in italics).

As the receipt was printed, it was presumably in the *form* customarily given by the company, with which the plaintiff had had similar dealings during seven or eight or nine years. Notwithstanding this evidence, judgment was rendered for the full amount claimed, in addition to costs and disbursements, aggregating together $170.15. This was error, as the plaintiff, by accepting carriage upon terms of a limited liability, and being silent as to the real value of the articles, in effect indicated the value at which they were to be taken, and also the degree of care and security to be provided. Besides, such of the articles as were of glass, or were contained in glass, were taken at the plaintiff's risk, and are not the basis for any recovery.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.